**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ NOV 1 4 2013 ★

**LONG** ISLAND **OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,

  - against -

NIGEL BOWEN,

          Defendant.

- - - - - - - - - - - - - - - X

PRELIMINARY ORDER
OF FORFEITURE

13 CR 038 (S-1)

(Feuerstein, J.)

WHEREAS, on November 6, 2013, NIGEL BOWEN (the "Defendant")
pleaded guilty to the sole Count of the above-captioned information,
charging a violation of 21 U.S.C. § 843(b); and

WHEREAS, the Defendant agreed to the entry of an order
forfeiting all of his right, title and interest in the sum of four
thousand dollars and no cents ($4,000.00) in United States
currency, seized by Special Agents of the Department of Homeland
Security Investigations on or about November 15, 2012 (the
"Forfeited Funds"), pursuant to 21 U.S.C. §§ 853(a) and 853(p).

NOW THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED,
by and between the United States and the Defendant as follows:

1. The Defendant shall forfeit all of his right, title
and interest in the Forfeited Funds pursuant to 21 U.S.C. 853(a),
as property which constitutes, or is derived from, proceeds obtained,
directly or indirectly, as the result of the Defendant's violation
of 21 U.S.C. § 843, or as property used, or intended to be used, in

any manner or part, to commit, or to facilitate the commission of, such violation, and/or as substitute assets as defined in 21 U.S.C. § 853(p).

2.    Upon entry of this Preliminary Order of Forfeiture, the United States Attorney General or his designee is authorized to seize the Forfeited Funds and to conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c), and to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

3.    The United States Attorney's Office shall publish notice of this Order, in accordance with the custom and practice in this district on the government's website located at http://www.forfeiture.gov of its intent to dispose of the Forfeited Funds in such a manner as the Attorney General or his designee may direct.    The United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the Forfeited Funds as a substitute for published notice as to those persons so notified.

4.    The Defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the Forfeited Funds. In addition, the Defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of the Forfeited Funds, and waives all constitutional,

legal and equitable defenses to the forfeiture of the Forfeited
Funds, including, but not limited to, any defenses based on
principles of double jeopardy, the Ex Post Facto clause of the
Constitution, the statute of limitations, venue, or any defense under
the Eighth Amendment, including a claim of excessive fines.

5.    Any person, other than the Defendant, asserting a
legal interest in the Forfeited Assets may, within thirty (30) days
of the final publication of notice or receipt of notice, whichever
is earlier, petition the Court for a hearing without a jury to
adjudicate the validity of the Order of Forfeiture, pursuant to 21
U.S.C. § 853(n)(6). Any petition filed in response to notice of the
forfeiture of the Forfeited Funds must be signed by the petitioner
under penalty of perjury and shall set forth the nature and extent
of the petitioner's right, title, or interest in the property, the
time and circumstances of the petitioner's acquisition of the right,
title, or interest in the property, any additional facts supporting
the petitioner's claim, and the relief sought.

6.    The Defendant shall not file or interpose any claim
or assist others to file or interpose any claim to the Forfeited
Funds, in any administrative or judicial proceeding.  The Defendant
shall take whatever steps are necessary to ensure that clear title
to the Forfeited Funds passes to the United States, including the
execution of any documents necessary to effectuate the forfeiture

of the Forfeited Assets to the United States.    Further, if any third

party files a claim to the Forfeited Funds, the Defendant will assist

the government in defending such claim.    If the Forfeited Funds, or

any portion thereof, is not forfeited to the United States, the United

States may seek to enforce this Preliminary Order against any other

assets of the Defendant up to the value of the Forfeited Funds not

forfeited pursuant to 21 U.S.C. § 853(p), the Federal Debt Collection

Procedures Act, or any other applicable law.    The Defendant shall

execute any and all documents necessary to effectuate the surrender

and forfeiture of the Forfeited Funds.    The forfeiture of the

Forfeited Funds shall not to be considered a payment of a fine or

a payment on any income taxes or restitution loss amount that may

be due.

      7.    The United States shall have clear title to the

Forfeited Funds identified above following the Court's disposition

of all third-party interests, or, if none, following the expiration

of the period provided in 21 U.S.C. § 853(n)(2).         8.

      8.    Pursuant to the Fed. R. Crim. P. 32.2(b)(4)(A), this

Preliminary Order of Forfeiture shall become final as to the

Defendant upon entry of this Preliminary Order of Forfeiture, and

shall be made part of the sentence and included in the judgment. If

no third party files a timely claim, this Preliminary Order, together

with Supplemental Preliminary Orders of Forfeiture, if any, shall

become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2). At that time, the properties forfeited herein shall be forfeited to the United States for disposition in accordance with law.

9.   This Preliminary Order shall be binding upon the Defendant and the successors, administrators, heirs, assigns and transferees of the Defendant, and shall survive the bankruptcy of any of them.

10.   The Court shall retain jurisdiction of this action to ensure compliance with the terms of this Preliminary Order of Forfeiture.

11.   The Clerk of the Court is directed to send, by inter-office mail, five certified copies of this executed Preliminary Order of Forfeiture to FSA Asset Forfeiture Paralegal Brian Gappa, United States Attorney's Office, Eastern District of New York, 610 Federal Plaza, Central Islip, New York 11722.

Dated: Central Islip, New York
       November 14, 2013

s/ Sandra J. Feuerstein

HONORABLE SANDRA J. FEUERSTEIN
UNITED STATES DISTRICT JUDGE